

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
CLERK

2016 AUG 24 PM 2: 15

------------------------------------------------------------------------x

NATHANIEL ISAAC,

NOTICE OF REMOVAL

Plaintiff,

**CV 16 - 4729**

- against -

THE CITY OF NEW YORK, P.O. ROBERTO
ASSENCAO, P.O. LISAURA MESSA, LT. BRIAN
KENNY, DET. RONALD BUELL, AND "JOHN DOES
1-10",

Supreme Court of Queens County
Index No.: 708976/2016
(ECF Case)

Law Dept; 2016 **MATSUMOTO, J.**

**MANN. M.J.**

Defendants.

------------------------------------------------------------------------x

Petitioner-defendant, the City of New York, by its attorney, Zachary A. Carter,

Corporation Counsel of the City of New York, upon information and belief, respectfully

petitions this Court, pursuant to 28 U.S.C. §§ 1331, 1367(a), 1441(a), and 1446(b) as follows:

1.      On or about August 1, 2016, plaintiff Nathaniel Isaac commenced the above-

captioned civil action which is currently pending in the Supreme Court of the State of New

York, Queens County, under Index No. 708976/2016, and of which a trial has not yet been had.

A copy of the summons and complaint is annexed hereto as Exhibit A.

2.      On or about August 5, 2016, the defendant City of New York received service of

a copy of plaintiff's summons and complaint.  A copy of the affidavit of service for defendant

City of New York is annexed hereto as Exhibit B.

3.      On or about August 8, 2016, the defendant Roberto Assencao received service of

a copy of the plaintiff's summons and complaint.  A copy of the affidavit of service for

defendant Roberto Assencao is annexed hereto as Exhibit C.

4.     Roberto Assencao has consented to the removal of this action.  A copy of his affidavit of consent is annexed hereto as Exhibit D.

5.     Upon information and belief, the remaining defendants have yet to be served.

6.     The complaint alleges that on or about June 25, 2008, plaintiff was arrested at his residence without legal basis, justification, privilege or probable cause that plaintiff had committed a crime. See, ¶ 40 of Exhibit A.

7.     Plaintiff further alleges that following his arrest he was indicted, prosecuted, convicted of and incarcerated for the underlying crimes due to the pervasive misconduct, deliberate indifference and pattern of unconstitutional behavior of the defendants and thereby causing damage to the plaintiff. See, ¶¶ 6-99 of Exhibit A.

8.     As a result of the above alleged conduct by defendants, plaintiff now seeks to hold defendants liable for deprivations of his civil rights pursuant to, but not limited to, Monell v. City of New York, as well as 42 U.S.C. § 1983, and the Fourth, and Fourteenth Amendments to the Constitution of the United States of America. See, ¶¶ 87-99 of Exhibit A.

9.     Accordingly, this is an action over which the District Courts of the United States have original jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. §1441. See, Bill Wolf Petroleum Corp. v. Port Wash. North, 489 F. Supp. 2d 203, 206 (E.D.N.Y. 2007); see, 28 U.S.C. § 1331 (district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.).

10.     No state law claims are pled. However, any state law claims would arise out of a common nucleus of operative facts, namely, the alleged police misconduct involved during plaintiff's arrest and prosecution, both state and federal claims would form part of the same case or controversy under Article III of the United States Constitution, and this Court's exercise of

supplemental jurisdiction is appropriate. See, 28 U.S.C. §1367(a). See also, Rosario v. Amalgamated Ladies' Garment Cutters' Union, 605 F. 2d 1228, 1247 (2d Cir. 1979) (both state and federal claims were linked by the hostility of Union officials towards appellees' assertion of their §101 rights); see also, Dunlop v. City of New York, 2006 U.S. Dist. LEXIS 72315 (S.D.N.Y. 2006) (plaintiff's state and federal claims arise out of a common nucleus of operative facts).

11. This notice of removal is timely filed within thirty (30) days from the time defendant-petitioner received a copy of the plaintiff's summons and complaint. See, Exhibit B; See also, 28 U.S.C. §1446(b)(2)(B).

12. Pursuant to 28 U.S.C. §1446(a), attached to this notice are true and correct copies of all known process, pleadings, and orders served upon defendant-petitioner in this action.

13. By filing this notice of removal, the petitioner does not waive any defense which may be available to it. Although 28 U,S.C. §1446(b) further provides that where there are multiple defendants, all named defendants over whom the state court acquired jurisdiction must join in the removal petition for removal to be proper, which is otherwise known as the rule of unanimity, exceptions are recognized, one of which permits a removing defendant to forego securing the consent of any co-defendant who has not been served with service of process at the time the removal petition is filed, and upon information and belief, co-defendants P.O. Lisaura Messa, Lt. Brian Kenny, Det. Ronald Buell, and "John Does 1-10" have not been served process with a copy of the pleadings at the time the removal petition is filed, and consequently, as the state court has yet to acquire jurisdiction over these co-defendants their consent to this removal is not required. Pacific Westeel Racking Inc. v. Evanston Ins. Co., 2008 U.S. Dist. LEXIS 11053, 11055 (S.D.N.Y. 2008) (one exception to the rule of unanimity is where the non-joining

defendants have not been served with service of process at the time the removal petition is filed).

14.     In the context of removal under 23 U.S.C. §1441(a), the requirement of the rule of unanimity does not extend to unserved, let alone unidentified co-defendants P.O. John Does #1-10. Bowen v. Home Depot, 2001 U.S. Dist. LEXIS 12100 (E.D.N.Y. 2001); see also Varela v. Flintock Constr., Inc., 148 F. Supp. 2d 297 (S.D.N.Y. 2001).

**WHEREFORE**, defendant-petitioner City of New York respectfully requests that the action now pending before Supreme Court of the State of New York, Queens County, be removed to the United States District Court for the Eastern District of New York.

Dated: New York, New York
          August 18, 2016

                              Zachary W. Carter
                              Corporation Counsel of the City of New York
                              Attorney for Defendant-Petitioner
                              CITY OF NEW YORK
                              100 Church Street
                              New York, New York 10007
                              (212) 356-3283
                              amanoff@law.nyc.gov

By: _____
                              ANDREW MANOFF (AW3402)
                              Special Assistant Corporation Counsel

**Exhibit A**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

NATHANIEL ISAAC,

                Plaintiff,

              -against-

THE CITY OF NEW YORK, P.O. ROBERTO ASSENCAO, P.O.
LISAURA MESSA, LT. BRIAN KENNY, DET. JOHN
HACHADOORIAN, DET. RONALD BUELL, AND "JOHN
DOES 1-10",

                Defendants.

Index No.:
Purchased On:

Plaintiff designates
QUEENS as the place of
trial.

The basis of the venue is place of
occurrence

**SUMMONS**

To the above named Defendants:

      **YOU ARE HEREBY SUMMONED** to answer the Complaint in this action and to serve a
copy of your Answer or, if the Complaint is not served with the Summons, to serve a notice of
appearance, on Plaintiff's Attorneys within 20 days after the service of the Summons, exclusive of
the day of service (or within 30 days after the service is complete if the Summons is not personally
delivered to you within the State of New York); and in case of your failure to appear or answer, a
judgment will be taken against you by default for the relief demanded in this Verified Complaint.

Dated:  Mineola, New York
       August 1, 2016

                        FINZ & FINZ, P.C.

                        By: _____
                            Ameer Benno, Esq.
                        410 East Jericho Turnpike
                        Mineola, NY 11501
                        Tel.: (516) 433-3000
                        Attorneys for Plaintiff

Defendants' Addresses:
THE CITY OF NEW YORK
Law Department of the City of New York
Office of Corporation Counsel
100 Church Street
New York, NY 10007

1 of 19

P.O. ROBERTO ASSENCAO
NYPD 115th Precinct
92-15 Northern Blvd.
Jackson Heights, NY 11372

P.O. LISAURA MESSA
(Address presently unknown)

LT. BRIAN KENNY
(Address presently unknown)

DET. JOHN HACHADOORIAN
(Address presently unknown)

DET. RONALD BUELL
(Address presently unknown)

"JOHN/JANE DOES" 1-10
(Address presently unknown)

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

| | |
|---|---|
| NATHANIEL ISAAC,<br><br>                      Plaintiff,<br><br>            -against-<br><br>THE CITY OF NEW YORK, P.O. ROBERTO ASSENCAO, P.O. LISAURA MESSA, LT. BRIAN KENNY, DET. JOHN HACHADOORIAN, DET. RONALD BUELL, AND "JOHN DOES 1-10",<br><br>                   Defendants. | Index No.:<br>Purchased On:<br><br>Plaintiff designates QUEENS as the place of trial.<br><br>The basis of the venue is place of occurrence<br><br>**SUMMONS** |

To the above named Defendants:

      **YOU ARE HEREBY SUMMONED** to answer the Complaint in this action and to serve a copy of your Answer or, if the Complaint is not served with the Summons, to serve a notice of appearance, on Plaintiff's Attorneys within 20 days after the service of the Summons, exclusive of the day of service (or within 30 days after the service is complete if the Summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, a judgment will be taken against you by default for the relief demanded in this Verified Complaint.

Dated:  Mineola, New York
        August 1, 2016

                                FINZ & FINZ, P.C.

                                By: _____
                                    Ameer Beuno, Esq.
                                410 East Jericho Turnpike
                                Mineola, NY 11501
                                Tel.: (516) 433-3000
                                Attorneys for Plaintiff

Defendants' Addresses:
THE CITY OF NEW YORK
Law Department of the City of New York
Office of Corporation Counsel
100 Church Street
New York, NY 10007

P.O. ROBERTO ASSENCAO
NYPD 115th Precinct
92-15 Northern Blvd.
Jackson Heights, NY 11372

P.O. LISAURA MESSA
(Address presently unknown)

LT. BRIAN KENNY
(Address presently unknown)

DET. JOHN HACHADOORIAN
(Address presently unknown)

DET. RONALD BUELL
(Address presently unknown)

"JOHN/JANE DOES" 1-10
(Address presently unknown)

1  Ameer Benno, Esq.
   FINZ & FINZ, P.C.
2  410 East Jericho Turnpike
   Mineola, NY 11501
   Tel.: (516) 433-3000
3  abenno@finzfirm.com

**CV 16 - MATSUMOTO, J.
4729
MANN, M.J.**

4

5              SUPREME COURT OF THE STATE OF NEW YORK

                       COUNTY OF QUEENS

6  NATHANIEL ISAAC,                          Index No.:

7                              Plaintiff,

                                             COMPLAINT
   vs.
8
   THE CITY OF NEW YORK, P.O. ROBERTO
9  ASSENCAO, P.O. LISAURA MESSA, LT. BRIAN   JURY TRIAL REQUESTED
   KENNY, DET. JOHN HACHADOORIAN, DET.
10 RONALD BUELL, AND "JOHN DOES 1-10",

11                            Defendants.

12 Plaintiff, by his attorneys, FINZ & FINZ, P.C., complaining of Defendants, alleges as follows, upon

13 information and belief:

                       PRELIMINARY STATEMENT
14
15      1.      Plaintiff brings this action for compensatory damages, punitive damages, and

   attorneys' fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violation of his civil rights
16
   under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States
17
   Constitution.

                         JURY TRIAL DEMANDED
18
19      2.      Plaintiff demands trial by jury of all issues properly triable thereby.

20
   COMPLAINT - 1

                              3 of 19

1

## VENUE

2

3.      Venue is proper for the Supreme Court, County of Queens, pursuant to CPLR §

3

504(3), as it is the county within the City of New York in which the incident occurred.

4

## THE PARTIES

5

4.      Plaintiff NATHANIEL ISAAC is a resident of the County of Queens, in the City

6

and State of New York.

5.      That at all times herein mentioned, defendant CITY OF NEW YORK (hereinafter

7

"CITY") was and is a municipal corporation, duly organized and existing under and by virtue of the

8

laws of the State of New York.

9

6.      That at all times herein mentioned, defendant CITY operated, controlled and

maintained a police force known as the New York City Police Department ("hereinafter "NYPD").

10

7.      That at all times herein mentioned, defendant P.O. ROBERTO ASSENCAO

11

(hereinafter, "ASSENCAO") was and is an NYPD officer employed by defendant CITY.

12

8.      That at all times herein mentioned, defendant ASSENCAO was acting within the

course and scope of his employment with defendant CITY.

13

9.      That at all times herein mentioned, defendant ASSENCAO was acting under color

14

of state law.

15

10.     Defendant ASSENCAO is sued herein in both his individual and official capacities.

16

11.     That at all times herein mentioned, defendant P.O. LISAURA MESSA (hereinafter,

"MESSA") was and is an NYPD officer employed by defendant CITY.

17

12.     That at all times herein mentioned, defendant MESSA was acting within the course

18

and scope of her employment with defendant CITY.

19

13.     That at all times herein mentioned, defendant MESSA was acting under color of

20

COMPLAINT - 2

4 of 19

state law.

14.     That defendant MESSA is sued herein in both her individual and official capacities.

15.     That at all times herein mentioned, defendant LT. BRIAN KENNY (hereinafter, "KENNY") was and is an NYPD officer employed by defendant CITY.

16.     That at all times herein mentioned, defendant KENNY was acting within the course and scope of his employment with defendant CITY.

17.     That at all times herein mentioned, defendant KENNY was acting under color of state law.

18.     Defendant KENNY is sued herein in both his individual and official capacities.

19.     That at all times herein mentioned, defendant DET. JOHN HACHADOORIAN (hereinafter, "HACHADOORIAN") was and is an NYPD officer employed by defendant CITY.

20.     That at all times herein mentioned, defendant HACHADOORIAN was acting within the course and scope of his employment with defendant CITY.

21.     That at all times herein mentioned, defendant HACHADOORIAN was acting under color of state law.

22.     Defendant HACHADOORIAN is sued herein in both his individual and official capacities.

23.     That at all times herein mentioned, defendant DET. RONALD BUELL (hereinafter, "BUELL") was and is an NYPD officer employed by defendant CITY.

24.     That at all times herein mentioned, defendant BUELL was acting within the course and scope of his employment with defendant CITY.

25.     That at all times herein mentioned, defendant BUELL was acting under color of state law.

COMPLAINT - 3

26.     Defendant BUELL is sued herein in both his individual and official capacities.

27.     That at all times herein mentioned, defendants JOHN/JANE DOES 1 through 10 (hereinafter, "DOES 1-10") were and are NYPD personnel employed by defendant CITY.

28.     That at all times herein mentioned, defendants DOES 1-10 were acting within the course and scope of their employment with defendant CITY.

29.     That at all times herein mentioned, defendants DOES 1-10 were acting under color of state law.

30.     The names "JOHN DOES 1 through 10" are fictitious, as these defendants' true names are presently unknown.

31.     These defendants are intended to be the law enforcement personnel involved in the stops, detentions, arrests, imprisonments, and prosecutions of plaintiff.

32.     That defendants DOES 1-10 are sued herein in both their individual and official capacities.

33.     That at all times herein mentioned, defendant CITY was under an obligation to use reasonable care in the hiring, training, retention, and supervision of its employees, including, without limitation, defendants ASSENCAO, MESSA, KENNY, HACHADOORIAN, BUELL, and DOES 1-10 .

34.     At all relevant times herein, the individual defendants acted jointly and in concert with each other.

35.     Each individual defendant had the duty and the opportunity to protect plaintiff from the unlawful actions of the other individual defendants, but each individual defendant failed and refused to perform such duty, thereby proximately causing plaintiff's injuries.

COMPLAINT - 4

## JOINT AND SEVERAL LIABILITY

36.    That all of the causes of action pleaded herein fall within one or more of the exceptions set forth in New York's Civil Practice Law & Rules § 1602 with respect to joint and several liability.

## STATEMENT OF FACTS COMMON TO ALL CAUSES OF ACTION

37.    The facts stated in this complaint are based, inter alia, on the personal knowledge of plaintiff regarding events in which he was directly involved and upon information and belief. The sources of "information and belief" factual statements are primarily documents from the underlying criminal prosecution and related public documents which are currently available to plaintiff. Those sources are incomplete, particularly, without limitation, as to numerous documents and court exhibits. This complaint is drawn without the benefit of full discovery proceedings.

38.    Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

39.    On or about June 25, 2008 at approximately 6:00 a.m., plaintiff was lawfully present inside his residence at 89 Porter Avenue, Brooklyn, New York.

40.    At that time and date, defendants did enter plaintiff's residence without a warrant and forcibly seized, detained, and arrested plaintiff without legal basis, justification, privilege or probable cause.

41.    Plaintiff was falsely imprisoned in defendants' custody for an extended period of time.

42.    Defendants knowingly relayed false and/or misleading allegations against plaintiff to the Queens County District Attorney's Office, which used that information to draft an accusatory instrument against plaintiff.

COMPLAINT - 5

43.     Thereafter, defendants signed said accusatory instrument, which, based on the information that defendants provided to the District Attorney's Office, charged plaintiff with various crimes that allegedly occurred between May 23, 2008 and May 27, 2008 inside of 39-35 21st Street in the County of Queens, City and State of New York.

44.     Plaintiff did not commit the offenses with which he was charged, and no probable cause ever existed that plaintiff did so.

45.     Defendants knew that there was never any legal basis to have detained or arrested plaintiff, and that there was no legal basis to prosecute him.

46.     Upon information and belief, defendants suppressed and withheld evidence in order to ensure plaintiff's prosecution and achieve a criminal conviction at all costs.

47.     All defendants conspired to lodge these allegations against plaintiff and initiate and continue a prosecution against him for offenses they knew he did not commit.

48.     Defendants made these false allegations against plaintiff with actual malice, and out of spite and ill will, and with retributive purpose.

49.     Defendants engaged in the above-described conduct intentionally and/or with deliberate indifference to plaintiff's constitutional and civil rights.

50.     Thereafter, plaintiff was arraigned on that accusatory instrument. Plaintiff pleaded not guilty and bail was set. Plaintiff could not make bail, so he remained incarcerated.

51.     Plaintiff thereafter was required on several occasions to appear in court to defend against the false criminal charges that had been lodged against him.

52.     These charges included Burglary in the Third Degree, Criminal Mischief in the Fourth Degree, Criminal Possession of Stolen Property in the Fifth Degree, and Criminal Trespass in the Third Degree.

COMPLAINT - 6

8 of 19

53.     Upon information and belief, no witnesses could identify plaintiff as a perpetrator, there was no physical evidence linking plaintiff to the crimes, and plaintiff made no inculpatory statements.

54.     At all times, plaintiff has steadfastly maintained his innocence.

55.     Plaintiff remained imprisoned in defendant CITY's custody in uninterrupted pretrial detention between the date of his arrest in July 2008 until and throughout his trial in July of 2010.

56.     After a nonjury trial, plaintiff was convicted of all counts except for the trespass count, which was dismissed by the Supreme Court at trial.

57.     Plaintiff remained incarcerated in the custody of defendant City between his conviction on or about July 21, 2010 through his sentencing, which occurred on or about September 8, 2010.

58.     Plaintiff was thereafter sentenced to an indeterminate prison term of from 3 ½ to 7 years on the burglary count and concurrent one-year terms for the criminal mischief and criminal possession of stolen property counts.

59.     Plaintiff was then immediately remanded to the custody of the New York State Department of Correctional Services, where he remained continuously incarcerated until on or about October 8, 2014.

60.     On or about October 8, 2014, the Appellate Division, Second Department reversed plaintiff's convictions for burglary, criminal mischief, and criminal possession of stolen property and dismissed the accusatory instrument against him.

61.     Plaintiff was thereafter released from incarceration.

62.     Plaintiff was incarcerated continuously, without interruption, between June 25, 2008 and October 8, 2014.

COMPLAINT - 7

9 of 19

63.    On or about November 7, 2014, the entire criminal case and all criminal charges against plaintiff were dismissed by the Honorable S. Knopf of the Queens County Supreme Court.

64.    As a result of the foregoing, plaintiff sustained, inter alia, loss of earnings, loss of enjoyment of life, loss of liberty, severe physical injuries, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, incurred monetary costs, economic loss, and deprivation of his constitutional rights.

65.    The amount of damages sought in this action exceeds the jurisdictional limits of all lower Courts that might otherwise have jurisdiction.

## FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS

### (False Arrest/Imprisonment Claim Under 42 U.S.C. § 1983)

66.    Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

67.    Defendants, while acting in concert and within the scope of their employment and authority, and without a warrant, seized plaintiff, forcibly put plaintiff into handcuffs, placed plaintiff under arrest without any reasonable cause to believe that plaintiff had committed, was committing, or was about to commit any offense, and caused plaintiff to be imprisoned, and thereby deprived plaintiff of his rights, liberties, and freedoms under color of state law, including plaintiff's right to be free from unreasonable searches and seizures under the Fourth and Fourteenth Amendments to the United States Constitution.

## SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS

### (Malicious Prosecution Claim Under 42 U.S.C. § 1983)

68.    Plaintiff repeats and realleges each and every allegation set forth above as though

COMPLAINT - 8

fully set forth at length herein.

69.     Defendants, acting in concert and within the scope of their employment and authority, caused plaintiff to be prosecuted with malice and without probable cause – a prosecution that terminated in plaintiff's favor – in violation of plaintiff's right to be free from unreasonable seizures under the Fourth and Fourteenth Amendments to the United States Constitution.

## THIRD CAUSE OF ACTION AGAINST ALL DEFENDANTS

### (Malicious Abuse of Process Claim Under 42 U.S.C. § 1983)

70.     Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

71.     Defendants, acting in concert and within the scope of their employment and authority, employed regularly issued process against plaintiff compelling the performance or forbearance of prescribed acts. The purpose of activating the process was intent to harm plaintiff without economic or social excuse or justification, and the defendants were seeking a collateral advantage or corresponding detriment to plaintiff which was outside the legitimate ends of the process. Such collateral objective included, but was not limited to, covering up defendants' illegal actions in knowingly arresting plaintiff without any legal basis, justification, or probable cause.

72.     The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and that by virtue of the aforementioned acts, plaintiff was deprived of his rights, privileges and immunities secured by the Constitution of the United States, including his rights under the Fourth and Fourteenth Amendments to the U.S. Constitution to be free from unreasonable or unlawful searches and seizures and to due process of law.

COMPLAINT - 9

## FOURTH CAUSE OF ACTION AGAINST ALL DEFENDANTS

### (Failure to Intervene Claim Under 42 U.S.C. § 1983)

73.     Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

74.     Each individual defendant had an affirmative duty to intervene on behalf of plaintiff, whose constitutional rights were being violated in that defendant's presence by other police officers, but failed to intervene to prevent the unlawful conduct, despite having had a realistic opportunity to do so, in violation of plaintiff's right under the Fourth and Fourteenth Amendments to the United States Constitution.

## FIFTH CAUSE OF ACTION AGAINST ALL DEFENDANTS

### (Unreasonably Prolonged Detention Claim under 42 U.S.C. § 1983)

75.     Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

76.     Upon information and belief, defendants' above-described conduct, including but not limited to defendants' mishandling of exculpatory and/or impeaching evidence and their concealment, suppression, and/or failure to turn said evidence over to the prosecution or the defense, and their intimidation, threats, coercion, and deceit of witnesses, engaged in under color of state law, violated rights, privileges and immunities secured to plaintiff by the Constitution of the United States of America including, inter alia, plaintiff's Fourth and Fourteenth Amendment right to be free from continued detention after it was or should have been known that plaintiff was entitled to release, as articulated in Russo v. City of Bridgeport, 479 F.3d 196 (2d Cir. 2007).

COMPLAINT - 10

77.     Plaintiff had a right to be free from continued detention stemming from defendants' intimidation and coercion of witnesses, and their mishandling, concealment, and/or suppression of the exculpatory and/or impeaching material described above, and defendants violated that right.

78.     That said Constitutional right arises both from plaintiff's Fourth Amendment right to be free of unreasonable searches and seizures and plaintiff's Fourteenth Amendment right to substantive due process.

79.     Defendants' conduct in this regard was so egregious and outrageous as to shock the conscience.

## SIXTH CAUSE OF ACTION AGAINST ALL DEFENDANTS

**(Denial of Fair Trial / Procedural and Substantive Due Process Under 42 U.S.C. § 1983)**

80.     Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

81.     By the conduct and actions described above, defendants, under color of state law, conspired to interfere with and violate rights secured to plaintiff by the Constitution of the United States in violation of 42 U.S.C. § 1983, including, but not limited to, plaintiff's Fourth and Fourteenth Amendment rights.

82.     Defendants, through the actions alleged above, consciously disregarded known and excessive risks to plaintiff's liberty and welfare and engaged in a deliberate and unjustified effort to manufacture guilt against plaintiff in furtherance of a plan to secure and sustain a conviction against plaintiff at all costs.

83.     This included a course of conduct and pattern of behavior whereby, upon information and belief, defendants, inter alia, created and fabricated evidence to create the

COMPLAINT - 11

13 of 19

appearance of probable cause, and maliciously concealed and suppressed material exculpatory evidence, suborned perjurious testimony, developed and cultivated witnesses to testify falsely, and unduly and improperly influenced the statements and testimony of witnesses through deceit and other means.

84.     In furtherance of this course of conduct and pattern of behavior, defendants engaged in intimidation, violence, threats, and deceit whereby defendants failed to disclose material exculpatory and/or impeaching evidence before, during, and after plaintiff's trial, fabricated evidence, coerced witnesses, and developed and cultivated witnesses to testify falsely that plaintiff committed offenses and/or crimes.

85.     That such conduct by defendants deprived plaintiff of liberty and constituted both a substantive and procedural due process violation under the Fourteenth Amendment.

86.     Defendants' conduct precipitated and caused the sequence of events that ultimately resulted in the plaintiff's conviction.

87.     Defendants' conduct precipitated and caused the sequence of events that ultimately resulted in the deprivation of plaintiff's liberty.

88.     Defendants' conduct in this regard was so egregious and outrageous as to shock the conscience.


## SEVENTH CAUSE OF ACTION AGAINST ALL DEFENDANTS

### (*Brady* Violations Under 42 U.S.C. § 1983)

84.     Plaintiff repeats and re-alleges each and every allegation set forth above as though fully set forth at length herein.

85.     The conduct and actions of defendants, acting under color of law, suppressed and failed to disclose to either the prosecution or defense material evidence that was favorable to

COMPLAINT - 12

14 of 19

plaintiff, either because of its exculpatory or impeachment value, in violation of plaintiff's substantive and procedural due process rights and <u>Brady v. Maryland</u>, 373 U.S. 83 (1963) and its progeny.

86.     Said suppression and failure to disclose was done intentionally, maliciously, with a deliberate indifference and/or with a reckless disregard for the natural and probable consequences of their acts, and was done without lawful justification or reason, and was designed to and did cause specific and serious pain and suffering in violation of plaintiff's Constitutional rights and guaranteed under 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

## EIGHTH CAUSE OF ACTION AGAINST DEFENDANT CITY

### (Municipal Liability "Monell" Claim under 42 U.S.C. § 1983)

87.     Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

88.     The individual defendants, singly and collectively, while acting within the scope of their employment and authority and under color of state law, engaged in conduct that constituted customs, policies, practices, procedures, rules, or usages of the NYPD and their specific precinct(s) forbidden by the Constitution of the United States.

89.     Upon information and belief, the foregoing customs, policies, practices, procedures, rules, and usages include, but are not limited to, making arrests without probable cause, concealing evidence, and committing perjury.

90.     The abuse to which plaintiff was subjected was consistent with an institutionalized practice of the NYPD, which was known to and ratified by defendant CITY.

COMPLAINT - 13

15 of 19

91.     Despite knowledge of these institutionalized practices, defendant CITY has at no time taken any effective action to prevent NYPD personnel from continuing to engage in this type of misconduct.

92.     Defendant CITY had prior notice of the vicious propensities of defendants ASSENCAO, MESSA, KENNY, HACHADOORIAN, BUELL, and DOES 1-10, but took no steps to train them, correct their abuse of authority, or to discourage their unlawful use of authority.

93.     The failure of defendant CITY to properly train defendants ASSENCAO, MESSA, KENNY, HACHADOORIAN, BUELL, and DOES 1-10 included, without limitation, the failure to instruct them in applicable provisions of the Penal Law of the State of New York and federal and state constitutional limitations.

94.     Defendant CITY authorized, tolerated as institutionalized practices, and ratified the misconduct detailed above by, among other things:

a.  Failing to properly discipline, train, restrict, and control employees, including defendants ASSENCAO, MESSA, KENNY, HACHADOORIAN, BUELL, and DOES 1-10, known to be irresponsible in their dealings with citizens of the community;

b.  Failing to take adequate precautions in the training, hiring, promotion, and retention of police personnel, including specifically defendants ASSENCAO, MESSA, KENNY, HACHADOORIAN, BUELL, and DOES 1-10.

c.  Failing to forward to the office of the District Attorney of Queens County evidence of unlawful acts committed by police personnel;

d.  Failing to establish or assure the functioning of a bona fide and meaningful departmental system for dealing with complaints of police misconduct, but

COMPLAINT - 14

1

2

instead responding to these types of complaints with bureaucratic power and official denials calculated to mislead the public.

3

95.     That the failure to supervise and/or train by defendant CITY of defendants

4

ASSENCAO, MESSA, KENNY, HACHADOORIAN, BUELL, and DOES 1-10 rose to the level

of deliberate indifference to the consequences of its actions, and indifference to plaintiff's rights,

5

privileges and immunities secured by the Constitution of the United States of America, inter alia,

6

plaintiff's Fourth and Fourteenth Amendment rights.

7

96.     The NYPD has inadequately screened, hired, retained, trained, and supervised its

employees, including the individual defendants herein, to respect the constitutional rights of those

8

individuals with whom NYPD police officers come in contact.

9

97.     The foregoing customs, policies, practices, procedures, rules, and usages constituted

10

deliberate indifference to plaintiff's safety, well-being, and constitutional rights.

11

98.     The foregoing customs, policies, practices, procedures, rules, or usages were the

direct and proximate cause of the constitutional violations suffered by plaintiff.

12

99.     The foregoing customs, policies, practices, procedures, rules, or usages were the

13

moving force behind the constitutional violations suffered by plaintiff.

14

15

16

*        *        *

17

18

19

20

COMPLAINT - 15

1

### PRAYER FOR RELIEF

2    **WHEREFORE,** plaintiff demands the following relief jointly and severally against all the

defendants:

3
      a.    Compensatory damages in an amount to be determined at trial;

4
      b.    Punitive damages in an amount to be determined at trial;

5
      c.    Attorney's fees pursuant to 42 U.S.C. § 1988;

6
      d.    An award of plaintiff's costs of suit;

7
      e.    Pre-judgment and post-judgment interest;

      f.    Such other relief as this Court deems just and proper.

8

9    Dated:      Mineola, New York
             August 1, 2016

10

11

12
                        Respectfully submitted,

                        FINZ & FINZ, P.C.

13

14   By:      _____

                        Amber Benno, Esq.
15                       410 East Jericho Turnpike
                    Mineola, NY 11501
16                       Tel.: (516) 433-3000
                    *Attorneys for Plaintiff*

17

18

19

20

COMPLAINT - 16

18 of 19

Index No. 700051/2016
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

NATHANIEL ISAAC,

                                        Plaintiff,

        -against-

THE CITY OF NEW YORK, P.O. ROBERTO ASSENCAO,
P.O. LISAURA MESSA, LT. BRIAN KENNY, DET. JOHN
HACHADOORIAN, DET. RONALD BUELL, AND "JOHN
DOES 1-10",

                                        Defendants.


SUMMONS AND COMPLAINT


FINZ & FINZ, P. C.
*Attorneys for Plaintiff*
Nathaniel Isaac
410 East Jericho Turnpike
Mineola, New York 11501
(516) 433-3000


TO: