```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
NATHANIEL ISAAC,

                    Plaintiff,                    ORDER ADOPTING REPORT
                                                  AND RECOMMENDATION
     -against-
                                                  16-cv-4729 (KAM)(RLM)
THE CITY OF NEW YORK, et al.,

                    Defendants.
----------------------------------------X
```
**KIYO A. MATSUMOTO, United States District Judge:**

        Presently before the court is the Report and Recommendation (the "R&R") of United States Chief Magistrate Judge Roanne L. Mann, filed on August 6, 2018, recommending that the motion to dismiss filed by defendants the City of New York, Police Officer Roberto Assencao, Police Officer Lisaura Messa, Lieutenant Brian Kenny, Detective Donald Buell, and Police Officer Hachadoorian (collectively, "defendants") be granted in part and denied in part. (ECF No. 46, Report and Recommendation ("R&R").) Defendants timely objected to Magistrate Judge Mann's R&R. (ECF No. 47, Defendants' Objection ("Def. Obj.").) Plaintiff Nathaniel Isaac ("plaintiff") did not object, but did respond to defendants' objections. (ECF No. 49, Plaintiff's Reply in Opposition to Defendants' Objection ("Pl. Opp.").) For the reasons set forth below, the court adopts the R&R in its entirety.

1

**BACKGROUND**

The court assumes familiarity with the underlying facts and procedural history, as set forth in greater detail in the R&R. (*See* ECF No. 46, R&R at 2-9.)[1] The court recites the background only insofar as it is relevant to the pending objections. On August 24, 2016, defendants removed this action from the Supreme Court of the State of New York. (ECF No. 1, Notice of Removal.) On January 3, 2017, plaintiff filed the First Amended Complaint (the "FAC"). (ECF No. 13, First Amended Complaint ("FAC").)

In the FAC, plaintiff asserts nine claims: (1) malicious prosecution under 42 U.S.C. § 1983 ("Section 1983") against all individual defendants (ECF No. 13, FAC ¶¶ 157-58); (2) malicious abuse of process under Section 1983 against all individual defendants (*id.* ¶¶ 159-64); (3) failure to intervene under Section 1983 against all individual defendants (*id.* ¶¶ 165-66); (4) unreasonably prolonged detention under Section 1983 against all defendants (*id.* ¶¶ 167-71); (5) denial of fair trial / procedural and substantive due process under Section 1983 against all individual defendants (*id.* ¶¶ 172-80); (6) *Brady* violations under Section 1983 against all individual defendants (*id.* ¶¶ 181-83); (7) municipal liability

---

[1] The court cites to the page numbers assigned by the Electronic Case Filing ("ECF") system.

under Section 1983 against defendant City of New York (*id.* ¶¶ 184-210); (8) supervisory liability for failure to train/supervise under Section 1983 against defendants Kenny and Buell (*id.* ¶¶ 211-15); and (9) violations of the New York State Constitution against all defendants (*id.* ¶¶ 216-23).

On April 27, 2018, the undersigned referred defendants' Rule 12(c) motion for judgment on the pleadings to Chief Magistrate Judge Mann. (ECF Entry dated 4/27/2018.) On August 6, 2018, Magistrate Judge Mann issued the R&R. Magistrate Judge Mann recommended that defendants' motion for judgment on the pleadings be granted as to (1) plaintiff's malicious prosecution, prolonged detention and fair trial/*Brady* claims against defendants Messa, Kenny, and Buell; (2) plaintiff's claims against all defendants for abuse of process and supervisory liability; (3) plaintiff's failure to intervene claim against Buell; (4) plaintiff's claims against John Does 1-10; (5) plaintiff's municipal liability claim against defendant City of New York; and (6) plaintiff's claims under the New York State Constitution. (ECF No. 46, R&R at 46.) She recommended denying the remainder of defendants' motion. (*Id.*) Put differently, the R&R recommended that the following claims in the FAC survive defendants' motion: (1) malicious prosecution, unreasonably prolonged detention, denial of fair trial, and *Brady* claims against defendants Officer Assencao and Detective

Hachadoorian; and (2) failure to intervene claim against defendants Lieutenant Kenny and Officer Messa.

On August 17, 2018, defendants timely filed an objection to the R&R.  Defendants object to Magistrate Judge Mann's R&R insofar as it does not recommend dismissing the complaint in its entirety.  Defendants argue that the R&R "disregards the fact that plaintiff's conclusory allegations – of which he has no firsthand knowledge – are not entitled to a presumption of truth," and that once those allegations are disregarded it is clear that plaintiff has failed to state a claim and, in any event, defendants Officer Assencao, Detective Hachadoorian, Lieutenant Kenny, and Officer Messa are entitled to qualified immunity.  (ECF No. 5, Def. Obj. at 5.)  Plaintiff opposed defendants' objection on August 31, 2018.  (ECF No. 49, Pl. Opp. to Obj.)

**STANDARDS OF REVIEW**

I.  <u>Review of R&R</u>

A district court may designate a magistrate judge to hear and determine certain motions pending before the court and to submit to the court proposed findings of fact and a recommendation as to the disposition of the motion.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  Unobjected-to portions of a report and recommendation are reviewed for clear error.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

4

Any portion of a report and recommendation to which a timely objection is filed is reviewed *de novo*. *Id.* "However, objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [briefing] will not suffice to invoke *de novo* review of the magistrate's recommendations." *New York City District Council of Carpenters v. Allied Design and Constr., LLC*, No. 17-cv-6461 (PKC) (RLM), 2018 WL 4378441, at *1 (E.D.N.Y. Sept. 13, 2018). Rather, "[g]eneral or conclusory objections, or objections which merely recite the same arguments presented to the magistrate judge, are reviewed for clear error." *O'Diah v. Mawhir*, No. 08-cv-322 (TJM) (DRH), 2011 WL 933846, at *1 (N.D.N.Y. Mar. 16, 2011). Additionally, a district court generally will not consider new arguments or evidence "raised for the first time in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not." *Saniteq, LLC v. GE Infrastructure Sensing, Inc.*, No. 17-cv-771 (SJF) (ARL), 2018 WL 4357475, at *1 (E.D.N.Y. Sept. 13, 2018) (citation and internal quotation marks omitted) (collecting cases).

The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

## II. Motion to Dismiss

To withstand a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) or 12(c), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Patel*, 259 F.3d at 125-26 (explaining that the standard for granting a Rule 12(b)(6) motion is the same as that for granting a Rule 12(c) motion). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The court "accept[s] all factual allegations in the complaint as true and draw[s] all reasonable inferences in [the] plaintiff's favor." *In re Thelen LLP*, 736 F.3d 213, 218 (2d Cir. 2013). Nonetheless, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (citation and internal quotation marks omitted). It is not the court's function to "weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." *Goldman v. Belden*, 754 F.2d 1059, 1067 (2d Cir. 1985).

The court notes that in adjudicating the instant motion, it is entitled to consider: "(1) facts alleged in the complaint and documents attached to it or incorporated in it by reference, (2) documents 'integral' to the complaint and relied upon in it, even if not attached or incorporated by reference, (3) documents or information contained in defendant's motion papers if plaintiff has knowledge or possession of the material and relied on it in framing the complaint, [and] (4) . . . facts of which judicial notice may properly be taken under Rule 201 of the Federal Rules of Evidence." *In re Merrill Lynch & Co.*, 273 F. Supp. 2d 351, 356–57 (S.D.N.Y. 2003) (internal citations omitted), *aff'd in part and rev'd in part on other grounds sub nom. Lentell v. Merrill Lynch Co.,* 396 F.3d 161 (2d Cir. 2005); *see also Taylor v. Vt. Dep't of Educ.*, 313 F.3d 768, 776 (2d Cir. 2002).

## DISCUSSION

### I. Unobjected-to Portions of the R&R

Upon review of the unobjected-to portions of the R&R, the court finds no error and adopts those portions of Magistrate Judge Mann's well-reasoned and thorough R&R in their entirety.

### II. Objected-to Portions of the R&R

Defendants object to the R&R's recommendations denying defendants' motion to dismiss (1) the malicious prosecution, unreasonably prolonged detention, denial of fair trial, and

7

*Brady* claims against defendants Officer Assencao and Detective Hachadoorian; (2) the failure to intervene claim against defendants Lieutenant Kenny and Officer Messa; and (3) all claims against defendants Officer Assencao, Detective Hachadoorian, Lieutenant Kenny, and Officer Messa on the basis of qualified immunity. Because defendants' arguments objecting to the R&R either reiterate arguments raised before Magistrate Judge Mann or raise entirely new arguments that could have been, but were not, raised before Magistrate Judge Mann, the objections are not reviewed *de novo*. The court, even on *de novo* review, confirms the R&R and denies defendants' objections based on the correct legal analysis set forth in magistrate Judge Mann's R&R.

Although defendants delineate six separate objections, they all hinge on the same central objection – that the allegations in the FAC are too speculative and conclusory to state a claim for relief. (*See generally* ECF No. 47, Def. Objs.) For example, in the "Preliminary Statement," defendants contend that the R&R "disregards the fact that plaintiff's conclusory allegations – of which he has not firsthand knowledge – are not entitled to a presumption of truth. Once the speculative allegations are ignored, plaintiff does not articulate sufficient facts to set forth a plausible claim for relief." (*Id.* at 5.) As such, defendants' objections merely

reiterate defendants' arguments in their original motion papers. The court addresses the arguments individually below.

"Point I" of defendants' objections generally argues, without regard to a specific claim in the FAC or recommendation in the R&R, that "plaintiff's claims of fabricated evidence are not entitled to a presumption of truth." (*Id.* at 6-10.) Without clearly identifying which witnesses, other than Paoling Hsia, to which they are referring, defendants contend that plaintiffs allegations "that witnesses were forced to lie about their identification of plaintiff as the perpetrator" and "the timing of the damage to Ms. Hsia's warehouse" are insufficient because plaintiff does not allege when and "the means by which the witnesses were forced to fabricate their statements, and/or how plaintiff knows that the witnesses were forced to fabricate their statements." (*Id.* at 8, 10.) These arguments are nearly identical to arguments defendants raised before Magistrate Judge Mann. For example, with respect to plaintiffs' denial of fair trial claim, defendants previously argued in a subsection titled, "Plaintiff's Allegations of Fabrication Are Implausible And/Or Speculative And Not Entitled To Be Accepted As True," that "plaintiff alleges that the defendants coerced and/or threatened the two eyewitnesses and the complaining victim," i.e., Hsia, Gagan Kharbanda, and George Stefas, "to make false statements and/or to testify falsely;" however, the defendants

9

argue, the FAC "is silent as to when the alleged threats or coercion occurred and/or how the witnesses were threatened or coerced." (ECF No. 40, Def. Mem. at 24.) Due to the repetitive nature of defendants' objection, the court reviews the R&R for clear error with respect to its treatment of plaintiff's allegations of fabricated and coerced witness testimony.

Defendants' "Point II" objects to the portion of the R&R finding that plaintiff sufficiently alleged that there was no probable cause for his prosecution and therefore recommending that the court deny defendants' motion to dismiss plaintiff's malicious prosecution claims with respect to defendants Assencao and Hachadoorian. (*Id.* at 10-13.) Similar to the previous objection, the thrust of this objection is that plaintiff's allegations with respect to defendants Assencao and Hachadoorian of false and fabricated testimony as well as the withholding of exculpatory evidence, are too conclusory and speculative to plead a lack of probable cause. (*Id.* at 10.) Specifically, defendants argue that the allegations in the FAC "cannot overcome the presumption of probable cause" because the FAC "does not contain a single fact concerning the circumstances of the alleged fabrication." (*Id.* at 11.) Nor can the allegations "rebut the presumption of probable cause" established by the Grand Jury indictment because "plaintiff's self-serving, unsupported allegations of fabrication are not entitled to an

acceptance of truth." (*Id.* at 12.) These arguments are repetitive of defendants' first objection, described above, and defendants' arguments before Magistrate Judge Mann. In defendants' motion papers, they argued that plaintiff cannot rebut the presumption of probable cause created by the Grand Jury indictment because "plaintiff's allegations that Officer Assencao and/or Detective Hachadoorian fabricated statements in the criminal court complaints, including the eyewitness and complaining victim statements, are based on nothing more than plaintiff's own self-serving statements[.]" (ECF No. 40, Def. Mem. at 18.) Accordingly, the court reviews for clear error the R&R's recommendation that the court deny defendants' motion to dismiss plaintiff's malicious prosecution claim as to defendants Assencao and Hachadoorian.

Defendants' third objection posits three arguments as to why plaintiff failed to state a claim for unreasonably prolonged detention, which are repetitive of either the previously addressed objections and/or the arguments presented to Magistrate Judge Mann. First, defendants argue that the allegations in the FAC "are speculative and not entitled to a presumption of truth." (ECF No. 47, Def. Obj. at 14.) This simply repeats the objections addressed above. Second, defendants object to the R&R's recommendation as to plaintiff's claim for excessive detention on the basis that plaintiff

11

matched the description of the perpetrator that the eyewitnesses provided.  (*Id.*)  This argument mimics one defendants previously raised.  (ECF No. 40, Def. Mem. at 23 (arguing the excessive detention claim should be dismissed because "the race, age, and clothing description reflected on the Sprint Report did, in fact, match plaintiff").)

Third, in a manner largely redundant of defendants' original memorandum, defendants argue that plaintiff's allegations of excessive detention are insufficient because they fail to identify that defendants withheld conclusive evidence of plaintiff's innocence.  (*Compare* ECF No. 47, Def. Objs. at 13-15, *with* ECF No. 40, Def. Mem. at 21-23.)  Therefore, the court reviews the R&R's recommendation as to plaintiff's claim for excessive detention for clear error.

Defendants' raise two objections to the R&R's recommendation that the court deny defendants' motion to dismiss the denial of fair trial and *Brady* claims as to defendants Assencao and Hachadoorian.  First, defendants argue that plaintiff's allegations of Assencao's and Hachadoorian's fabrications as well as Hachadoorian's coercion of Hsia with respect to these two claims are "too thin to make out a claim for denial of fair trial."  (ECF No. 47, Def. Obj. at 11.)  As discussed, *supra*, these objections repeat arguments defendants already raised, both generally and with respect to plaintiff's

denial of fair trial and *Brady* claims, before Magistrate Judge Mann. (*See, e.g.*, ECF No. 40, Def. Mem. at 24, 26.) Next, defendants also argue that plaintiff's denial of fair trial claim should be dismissed as time-barred. (ECF No. 47, Def. Obj. at 15.) The court declines to address defendants' statute of limitations argument because defendants did not raise the argument in their original briefing in support of their Rule 12(c) motion, and defendants proffer no explanation for their failure to present such arguments in the first instance. *Santiago v. City of New York*, No. 15-cv-517 (NGG) (RER), 2016 WL 5395837 (E.D.N.Y. Sept. 27, 2016), *aff'd*, 697 F. App'x 36 (2d Cir. Sept. 6, 2017) (explaining that, because the plaintiff's objection to the report and recommendation could have been, but were not, presented to the magistrate judge, "the court need not consider it"). Because defendants' objection regarding the denial of fair trial and *Brady* claims reiterate previously-raised arguments and raise entirely new arguments, the court reviews the relevant portion of the R&R for clear error.

In defendants' fifth objection, they object to Magistrate Judge Mann's recommendation to deny dismissal of plaintiff's failure to intervene claim against defendants Kenny and Messa on grounds that the FAC fails to "allege[] any plausible facts evincing that either Lieutenant Kenny or Officer Messa was aware that Officer Assencao had spoken to the

prosecutor's office, what he told the prosecutor, that he testified, and/or what he testified about." (ECF No. 47, Def. Obj. at 17.) Similarly, defendants previously argued to Magistrate Judge Mann that plaintiff's failure to intervene claim fails because, *inter alia*, the FAC "fails to plausibly allege that Officer Messa [and/or] Lieutenant Kenny . . . were either aware of the alleged fabricated statements or had a realistic opportunity to do anything about [those] statements," and that "there are no allegations that Officer Messa and/or Lieutenant Kenny were present during any conversations between Officer Assencao" and any other prosecutors "and/or that they were present during any testimony of Officer Assencao." (ECF No. 40, Def. Mem. at 29.) Therefore, the failure to intervene claim is reviewed for clear error.

Finally, in "Point VI," defendants explicitly ask the court to address the arguments they already submitted to Magistrate Judge Mann. (ECF No. 47, Def. Obj. at 17 ("[D]efendants respectfully request that the Court review their original motion point on the issue of qualified immunity.").) Therefore, the court declines to review the issue of qualified immunity *de novo* and instead reviews it for clear error.

For the reasons stated above, the court reviews the objected-to portions of the R&R for clear error. Upon review of the objected-to portions of the R&R, the court finds no error

and adopts those portions of Magistrate Judge Mann's well-reasoned and thorough R&R in their entirety.

**CONCLUSION**

For the reasons stated above, the court adopts Magistrate Judge Mann's well-reasoned and thorough R&R in its entirety, and defendants' motion for judgment on the pleadings is granted in part and denied in part.  Specifically, defendants' motion for judgment on the pleadings is granted as to (1) plaintiff's malicious prosecution, prolonged detention and fair trial/*Brady* claims against defendants Messa, Kenny, and Buell; (2) plaintiff's claims against all defendants for abuse of process and supervisory liability; (3) plaintiff's failure to intervene claim against Buell; (4) plaintiff's claims against John Does 1-10; (5) plaintiff's municipal liability claim against defendant City of New York; and (6) plaintiff's claims under the New York State Constitution.  Defendants' motion is denied with respect to plaintiff's claims for malicious prosecution, unreasonably prolonged detention, denial of fair trial, and *Brady* claims against defendants Assencao and Hachadoorian; and failure to intervene against defendants Kenny and Messa.

**SO ORDERED.**

_____/s/_____
Dated: September 24, 2018     **Hon. Kiyo A. Matsumoto**
      Brooklyn, New York     United States District Judge