**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x
**NATHANIEL ISAAC,**

                    **Plaintiff,**           **MEMORANDUM**
                                                    **AND ORDER**

                                                    **16-CV-4729 (KAM)**

        **-against-**

**THE CITY OF NEW YORK, et al.,**

                    **Defendants.**
-----------------------------------------------------------x

**ROANNE L. MANN, CHIEF UNITED STATES MAGISTRATE JUDGE:**

      Currently pending before this Court are the parties' cross-motions to compel discovery and oppositions thereto. See [Defendants'] Motion to Compel (Dec. 18, 2018) ("Def. Motion"), Electronic Case Filing Docket Entry ("DE") #53; Motion to Compel (Dec. 21, 2018) ("Pl. Motion"), DE #55; [Defendants'] Response in Opposition (Dec. 21, 2018) ("Def. Opp."), DE #56; [Plaintiff's] Response to Motion (Dec. 26, 2018) ("Pl. Opp."), DE #58. For the reasons that follow, both motions are granted in part and denied in part.

      Defendants' Motion to Compel: Defendants seek an order compelling plaintiff to provide (1) a "blanket release" for all records relating to plaintiff's prior arrests, convictions and incarcerations, and (2) a copy of all documents pertaining to his underlying criminal case, which, according to plaintiff's deposition testimony, he maintains in a file at his home. See Def. Motion at 1-2. Plaintiff represents that the contents of the referenced file were produced on June 20, 2017, in response to defendants' discovery demands. See Pl. Opp. at 2. Therefore, that aspect of defendants' motion is denied as moot.

As for the "blanket release" sought by defendants, plaintiff opposes the request on the grounds that defendants had the "opportunity to thoroughly question the plaintiff at his deposition on December 14, 2018" regarding his previous incarcerations and their impact on his claim for emotional damages in this case. See id. at 1. Plaintiff further objects that "[s]ome of plaintiff's previous arrests are decades old[,]" id., and the probative value of the information sought is outweighed by the resulting unfair prejudice to plaintiff, see id. at 2-3.

On a motion to compel, it is not this Court's role to engage in a Rule 403 balancing analysis to determine whether and to what extent the information in dispute would ultimately be admissible at trial. As plaintiff seeks damages for emotional distress, defendants are entitled to explore through discovery the effect, if any, that plaintiff's previous incarcerations and involvement in the criminal justice system had on the mental anguish that plaintiff claims to have suffered in connection with the prosecution at issue in this case. See Def. Motion at 1-2 (collecting cases). That said, defendants fail to explain why they waited until December 18, 2018 — only three days prior to the close of fact discovery — to seek those records. In these circumstances, and given defendants' objection to plaintiff's request for defendants' disciplinary records "only days before the close of discovery," see Def. Opp.at 1, the Court grants defendants' request in limited part only: Plaintiff is directed to execute a release for his arrest history or "rap sheet," but not a "blanket release" that would cover all of the underlying records.

Plaintiff's Motion to Compel: Plaintiff's motion to compel seeks the production of records documenting the search of the rooftop in connection with plaintiff's arrest on May 27, 2008, as well as personnel records and disciplinary records relating to defendants

Roberto Assencao and John Hachadoorian. See Pl. Motion at 1. Defendants do not object to producing the first category of documents, see Def. Opp. at 1, and they are directed to do so promptly, to the extent such records exist. Defendants oppose plaintiff's second request as overbroad and untimely. Specifically, defendants argue that, in response to plaintiff's broad and temporally unrestricted request for disciplinary records as to the two aforementioned defendants back in July 2017, defendants agreed to produce, upon entry of a protective order, summaries of all substantiated allegations of false arrest within the five years preceding the arrests at issue in this case, along with "documents regarding false statements, if any"; defendants further agreed to provide, from their personnel files, performance evaluations for the five years preceding the alleged incident. See id. at 1& n.1. Notwithstanding this offer, plaintiff "never challenged defendants' objections nor pursued entry of a protective order." Id. at 1. Instead, three days prior to the close of fact discovery, plaintiff served a new and equally broad demand for the records to which defendants had previously objected. See id.

In these circumstances, the Court would be amply justified in denying plaintiff's demand for disciplinary records and personnel records in its entirety. Nevertheless, in its discretion, the Court rules as follows: The parties are directed to file, by January 11, 2019, a proposed protective order. Defendants will then promptly produce the disciplinary records and performance evaluations that it previously agreed to disclose, see id. at 1 n.1, except that the summaries of all allegations of false arrest and false statements shall not be limited to substantiated allegations.

The schedule set by the Court on September 28, 2018 remains unchanged.

**SO ORDERED.**

**Dated:** **Brooklyn, New York**
**January 9, 2019**

/s/ *Roanne L. Mann*

**ROANNE L. MANN**
**CHIEF UNITED STATES MAGISTRATE JUDGE**