UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------X
NATHANIEL ISAAC,

                 Plaintiff,           **MEMORANDUM & ORDER**

   -against-                    16-cv-4729 (KAM)(RLM)

THE CITY OF NEW YORK, et al.,

                 Defendants.
--------------------------------------X

**KIYO A. MATSUMOTO, United States District Judge:**

Presently before the court are cross-motions for summary judgment pursuant to Federal Rule of Civil Procedure ("Rule") 56. Plaintiff's motion, which defendants oppose, seeks partial summary judgment for his: (1) claims of malicious prosecution as to defendant detectives Robert Assencao and John Hachadoorian, and (2) claims of unreasonably prolonged detention as to defendant Hachadoorian. *See* ECF No. 74 Plaintiff's Memorandum of Law in Support of Motion for Summary Judgment ("Pl. Mem.").[1] Defendants' motion, which plaintiff opposes, seeks summary judgment on: (1) plaintiff's claim for malicious prosecution against Detectives Assencao and Hachadoorian; (2) defendants claim that they are entitled to qualified immunity on plaintiff's claim of malicious prosecution; (3) plaintiff's excessive detention claim; and (4) plaintiff's failure to intervene claim against defendant Lieutenant Brian Kenny. ECF No. 71 Defendants' Memorandum of Law in Support

---

[1] The court cites to the page numbers assigned by the Electronic Case Filing ("ECF") system.

of Motion for Summary Judgment ("Def. Mem.").  For the reasons set

forth below, the court GRANTS defendants' summary judgment

motion on all claims and DENIES plaintiff's motion for summary

judgment on his: (i) malicious prosecution claim pursuant to 42

U.S.C. § 1983 because plaintiff cannot rebut the implied and

actual probable cause that existed for his prosecution; (ii) his

claim for unreasonably prolonged detention because plaintiff

raises no triable issue of material fact to show that police

officers mishandled or withheld exculpatory evidence; and (iii)

his claim against Lt. Kenny for failure to intervene because

there is no underlying violation of his constitutional rights.


## BACKGROUND

Based on the record before the court, the following facts

are not in dispute unless otherwise noted.


## I. Plaintiff's First Arrest – May 27, 2008


On May 27, 2008, at approximately 7:45 p.m., Defendant

Police Officer, now Detective, Assencao and his partner, Police

Officer (P.O.) Lisaura Skladel, were driving southbound on 22nd

Street, and approached the corner of 22nd Street and 39th Avenue

in Long Island City, New York.  Plaintiff's Statement Pursuant

to Local Civil Rule 56.1 ("Pl. 56.1 Stm't") at 1-3.  The

officers were flagged by witnesses Mr. Stefas and Mr. Kharbanda, who said they saw a man throw two boxes off the roof of a warehouse located at 39-40 22nd Street across the street. *Id.* at 3. They pointed out plaintiff, who was the only person walking along the sidewalk on 22nd Street, as the man who threw the boxes. *Id*. at 4; *see also* Defendants' Statement Pursuant to Local Civil Rule 56.1 ("Def. 56.1 Stm't") at 4. Mr. Stefas relayed the same information on a 911 call, and the dispatcher conveyed that information over radio. Def. 56.1 Stm't at 5. Defendant Assencao stopped plaintiff on the corner of 22nd Street and 39th Avenue. *Id*. at 6; *see also* Pl. 56.1 Stm't at 5. While Assencao had plaintiff stopped, Defendant Lieutenant Brian Kenny ("Lt. Kenny" or "Kenny") arrived at the scene, along with the fire department, to provide a ladder for roof access. Defendant Assencao went up to the roof of the building adjoining Ms. Hsia's warehouse. *Id.* at 6. On the roof, Assencao saw an adjoining building (later determined to be Ms. Paoling Hsia's warehouse at 39-35 21st Street, from which property was reported stolen) with a damaged window, and a fence separating the adjoining building from 39-40 22nd Street. Plaintiff's Reply to Defendants' Statement Pursuant to Local Civil Rule 56.1 ("Pl. Reply 56.1 Stm't") at 14. Assencao could not determine if the damage was recent or old. *Id.* at 16. Assencao's observations of the damaged window were supported by pictures of the damaged

window taken by Ms. Paoling Hsia, the owner of the warehouse located at that adjoining building, 39-35 21st Street. *Id*. at 15; Def.'s 56.1 Stm't at 11.  Plaintiff disputes Assencao's observation of the window on the grounds that Assencao did not mention the condition of the window during his testimony to the grand jury. *See* Grand Jury Minutes for Def. Assencao at 23:12-24:4.  However, the prosecutor never asked Assencao at the grand jury about the adjoining building or the window.  Assencao consistently testified about his observation of the window during trial testimony.  Pl.'s Reply 56.1 Stm't at 14.  As plaintiff's objection is unsupported by evidence contradicting Assencao's observations on the roof and Ms. Hsia's photographs, the court finds that Assencao's observations are undisputed.

Plaintiff and defendants disagree over whether plaintiff was pushing a shopping cart at the time he was stopped, Pl.'s Reply 56.1 Stm't at 7, however, this fact is not material to plaintiff's arrest as it does not raise a genuine dispute of material fact over the eyewitness' identification of plaintiff. The parties agree that on the sidewalk, two very large boxes each containing twelve pairs of women's footwear were recovered. Pl.'s 56.1 Stm't at 8.  The parties disagree whether defendant Assencao inspected the boxes at the scene, but agree that his partner, P.O. Skladel, did inspect the boxes.  P's Reply 56.1 Stm't at 9.  Assencao's personal inspection is immaterial to the

4

instant dispute, as his partner's inspection is an independently adequate base for Assencao's knowledge.  The officers transported plaintiff to the 114th precinct to process plaintiff's arrest on charges of criminal trespass.  Pl.'s 56.1 Stm't at 7.  Defendant Kenny verified the arrest.  *Id.* at 18. The boxes containing the footwear were vouchered at the precinct.

At 8:45 a.m. the following day, May 28, 2008, defendant Assencao visited the roof where witnesses spotted the plaintiff to speak to the building's owner, but Ms. Hsia, who was the owner, was not present.  Pl.'s Reply 56.1 Stm't at 21.  Without citing to any evidence, plaintiff disputes the testimony of witnesses Kharbanda and Stefas to the extent that they saw him on the roof of Ms. Hsia's warehouse.  When taking witness statements from Kharbanda and Stefas, Assencao noted the address of the building they referenced in his arrest report.  *Id.*  As plaintiff has no admissible evidence relevant to the witness testimony and the officer's report, the court finds undisputed the accounts of the witnesses and Assencao.  Defendant Assencao spoke with a member of the District Attorney's office that same day and described the general events of the previous day to the prosecutor at intake.  *Id.* at 21-22.  Assencao reviewed and signed the criminal court complaint prepared by the prosecutor, which asserted that "deponent further states that he recovered

from [plaintiff] two boxes containing twelve pairs of women's shoes." *Id.* at 23-25. Assencao's account that plaintiff possessed the boxes was based on statements by witnesses Stefas and Kharbanda to the officer. *Id.* at 26.

Although plaintiff disputes Detective Assencao's account of plaintiff's possession, plaintiff offers no contrary evidence. An officer is permitted to make an arrest based on eye-witness testimony. "'[I]t is well-established that a law enforcement official has probable cause to arrest if he received his information from some person, normally the putative victim or eyewitness,' unless the circumstances raise doubt as to the person's veracity." *Panetta v. Crowley*, 460 F.3d 388, 395 (2d Cir. 2006) (quoting *Martinez v. Simonetti*, 202 F.3d 625, 634 (2d Cir. 2000)). Plaintiff cites to no admissible facts in opposition, and offers no evidence to cast doubt on the accounts of the eyewitnesses. Instead, plaintiff simply argues that he was not pushing a shopping cart when stopped. While this is a fact in dispute, it is not material to the circumstances of officer Assencao's identification of the plaintiff. As Officer Assencao's statement in the criminal complaint was based on information from eyewitnesses whose observations have not been challenged with material evidence, the criminal court complaint was sufficient to support commencement of plaintiff's prosecution by the District Attorney.

Plaintiff was arraigned on criminal trespass charges and released on his own recognizance on May 28, 2008. On June 19, 2008, Ms. Hsia reported that the warehouse she owned at 39-35 21st Street was burglarized and missing four boxes of women's footwear, one circular saw, one 5000-watt diesel generator, and one compressor. Pl.'s 56.1 Stm't at 11. Ms. Hsia stated that she was away from her warehouse between May 23, 2008 and May 29, 2008. Def.'s 56.1 Stm't at 31. On June 21, 2008, defendant Detective Hachadoorian issued an investigation card ("I-card") for plaintiff based on: (i) a complaint report he compiled from Ms. Hsia's statements, (ii) a conversation he had with defendant Assencao after learning that Assencao made an arrest near Ms. Hsia's warehouse and recovered boxes of women's shoes, (iii) and an interview of Mr. Gagan Kharbanda, who identified plaintiff as the person he witnessed throw boxes from Ms. Hsia's roof.[2] *Id.* at 31-36. The boxes of shoes that defendant Assencao vouchered matched the brand name of the footwear Ms. Hsia described as stolen. Accordingly, defendant Hachadoorian filed a DD-5 documenting that the vouchered property and the property reported as stolen were one in the same. *Id.* at 38-40.

---

[2] Though plaintiff objects to this characterization of the incidents leading up to Det. Hachadoorian issuing the investigation card, plaintiff again does so without citing to any admissible evidence. Therefore, the court deems the statements as presented by the defendants uncontroverted.

## II. Plaintiff's Second Arrest - June 25, 2008

Defendant Hachadoorian arrested plaintiff for burglary on June 25, 2008. *Id.* at 42. Hachadoorian presented information to a prosecutor in the District Attorney's office to craft a criminal court complaint, wherein he attested that certain crimes were committed between May 23 at 10:30 a.m. and May 27, 2008 at 7:59 p.m.[3] *Id.* at 42-47. The prosecutor decided to proceed with the prosecution of plaintiff for burglary, criminal mischief, possession of stolen property and trespass. *Id.* at 46. Defendant Lt. Kenny did not speak with the prosecutor about plaintiff's criminal case, and did not testify before the grand jury, the pre-trial hearing, nor the criminal trial. *Id.* at 48, 53, 60. Defendant Hachadoorian also did not testify before the grand jury or the criminal court. *Id.* at 52, 59. Defendant Assencao, Ms. Hsia, and Mr. Stefas testified before the grand jury, which indicted plaintiff. *Id.* at 54. Assencao, Hsia and Kharabanda also testified at the criminal bench trial. *Id.* at 49-51, 54-58.

---

[3] Plaintiff's objections do not cite to any admissible evidence.

**III. Plaintiff's Bench Trial and Appeal - July 20, 2010 & October 8, 2014**

The prosecution and plaintiff proceeded to a bench trial before Judge Stephen Knopf on charges of burglary in the third degree, criminal mischief in the fourth degree, criminal possession of stolen property in the fifth degree, and criminal trespass. Pl.'s 56.1 Stm't at 19-20. Plaintiff's criminal trespass charge was dismissed at trial because the prosecution did not prove ownership of the building. Def.'s 56.1 Stm't at 61. Judge Knopf found that the legal standard of "recent and exclusive" was a matter of degree, and determined that the evidence was sufficient to find plaintiff guilty of burglary in the third degree, criminal possession of stolen property in the fifth degree and criminal mischief in the fourth degree. *Id.* at 61-63.

On October 8, 2014, the Appellate Division vacated plaintiff's conviction for burglary and criminal mischief due to the prosecution's failure to establish the date of the burglary beyond a four day window, and found that the prosecution therefore failed to show that the burglary was "recent and exclusive." *Id.* at 63. The Appellate Division found that plaintiff was entitled to a new trial on the charge of criminal possession of stolen property, "based on a denial of counsel,

but because plaintiff had already served the maximum sentence for the charge, the appellate division dismissed that charge." *Id.* at 64.  On November 7, 2014, the criminal action against plaintiff was dismissed.  *Id.* ¶ 65.


IV.    **Procedural History**


On August 24, 2016, defendants removed this action from the Supreme Court of the State of New York.  ECF No. 1, Notice of Removal.  On January 3, 2017, plaintiff filed the First Amended Complaint (the "FAC").  ECF No. 13, First Amended Complaint ("FAC").  In the FAC, plaintiff asserted nine claims: (1) malicious prosecution under 42 U.S.C. § 1983 ("Section 1983") against all individual defendants (ECF No. 13, FAC at 157-58); (2) malicious abuse of process under Section 1983 against all individual defendants (*id.* at 159-64); (3) failure to intervene under Section 1983 against all individual defendants (*id.* at 165-66); (4) unreasonably prolonged detention under Section 1983 against all defendants (*id.* at 167-71); (5) denial of fair trial, procedural and substantive due process under Section 1983 against all individual defendants (*id.* at 172-80); (6) *Brady* violations under Section 1983 against all individual defendants (*id.* at 181-83); (7) municipal liability under Section 1983 against defendant City of New York (*id.* at 184-210); (8)

supervisory liability for failure to train/supervise under
Section 1983 against defendants Kenny and Buell (*id.* at 211-15);
and (9) violations of the New York State Constitution against
all defendants (*id.* at 216-23).

This court granted defendants' motion for judgment on the
pleadings and dismissed: (1) plaintiff's malicious prosecution,
prolonged detention and fair trial/*Brady* claims against
defendants Messa, Kenny, and Buell; (2) plaintiff's claims
against all defendants for abuse of process and supervisory
liability; (3) plaintiff's failure to intervene claim against
Buell; (4) plaintiff's claims against John Does 1-10; (5)
plaintiff's municipal liability claim against defendant City of
New York; and (6) plaintiff's claims under the New York State
Constitution.  This court denied defendant's motion to dismiss
with respect to plaintiff's claims for malicious prosecution,
unreasonably prolonged detention, denial of fair trial, and
*Brady* claims against defendants Assencao and Hachadoorian; and
failure to intervene against defendants Kenny and Messa.  ECF
No. 50 September 24, 2018 Order Adopting R&R.


**LEGAL STANDARD**

## I.  Motion for Summary Judgment

Summary judgment shall be granted to a movant who
demonstrates "that there is no genuine dispute as to any

material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is 'material' for these purposes when it 'might affect the outcome of the suit under the governing law.'" *Rojas v. Roman Catholic Diocese of Rochester*, 660 F.3d 98, 104 (2d Cir. 2011) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)), *cert denied*, 565 U.S. 1260 (2012). No genuine issue of material fact exists "unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (internal citations omitted). Summary judgment allows the court to dispose of meritless claims before becoming entrenched in a frivolous and costly trial. *Knight v. U.S. Fire Ins. Co.*, 804 F.2d 9, 12 (2d Cir. 1986).

When bringing a motion for summary judgment, the movant carries the burden of demonstrating the absence of any disputed issues of material fact. *Rojas*, 660 F.3d at 104. In deciding a summary judgment motion, the court must resolve all ambiguities and draw all reasonable inferences against the moving party. *Flanigan v. Gen. Elec. Co.*, 242 F.3d 78, 83 (2d Cir. 2001) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)), *cert. denied,* 534 U.S. 1065 (2001). Where parties have filed "cross-motions" for summary judgment,

"the court must evaluate each party's motion on its own merits, taking care in each instance to draw all reasonable inferences against the party whose motion is under consideration." *Coutard v. Mun. Credit Union*, 848 F.3d 102, 114 (2d Cir. 2017) (quoting *Schwabenbauer v. Bd. of Educ.*, 667 F.2d 305, 314 (2d Cir. 1981)).

A moving party may indicate the absence of a factual dispute by, *inter alia*, "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(B). Put another way, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Ind. Co.*, 475 U.S. at 587. Once the moving party has met its burden, the non-moving party may not rely on "ultimate or conclusory facts and conclusions of law." *BellSouth Telecommunications, Inc. v. W.R. Grace & Co.-Conn.*, 77 F.3d 603, 615 (2d Cir. 1996) (citation omitted). "[C]onclusory statements are insufficient to raise a triable issue of material fact." *Id.* Instead, because it is "not sufficient merely to assert a conclusion without supplying supporting facts or argument," a party opposing summary judgment must set forth "concrete particulars." *Id.* (internal quotation marks and citations omitted). Put differently, "the nonmoving party must come forward with admissible evidence sufficient to raise a genuine

issue of fact for trial in order to avoid summary judgment." *Jaramillo v. Weyerhaeuser Co.*, 536 F.3d 140, 145 (2d Cir. 2008) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)).

"The nonmoving party must go beyond the pleadings, and by his or her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Davis v. New York*, 316 F.3d 93, 100 (2d Cir. 2002) (internal quotation marks and citations omitted); *accord Celotex*, 477 U.S. at 324; Fed. R. Civ. P. 56(e). Further, Local Rule 56.1 provides that each statement of material fact on which a party relies in supporting or opposing a motion for summary judgment, "including each statement controverting any statement of material fact, must be followed by citation to evidence which would be admissible, . . . as required by [Rule 56(c)]." Local Rule 56.1(d); *see also* Fed. R. Civ. P. 56(e)(2) (authorizing the court to consider a fact undisputed where a party fails to properly address that fact as required by Rule 56(c)); *Pensionsversicherungsanstalt v. Greenblatt*, 556 F. App'x 23, 25 (2d Cir. 2014), as amended (Mar. 5, 2014) (noting requirements of Local Rule 56.1(d)).

In deciding a motion for summary judgment, the court is dutybound not to weigh evidence or assess the credibility of witnesses. *United States v. Rem*, 38 F.3d 634, 644 (2d Cir. 1994).

## II.    Section 1983 Claims


Plaintiff brings claims pursuant to 42 U.S.C. § 1983 for the alleged deprivation of his rights under the Fourth and Fourteenth Amendments to the Constitution.  Section 1983 provides that "[e]very person who, under color of any statute, ordinance, regulation, custom or usage, of any State . . . , subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . ."  42 U.S.C. § 1983.  "Section 1983 provides a cause of action against any person who deprives an individual of federally guaranteed rights 'under color' of state law." *Filarsky v. Delia*, 566 U.S. 377, 383 (2012).  Section 1983 does not itself create substantive rights; rather, it "provides a method for vindicating federal rights elsewhere conferred[.]" *Patterson v. County of Oneida*, 375 F.3d 206, 225 (2d Cir. 2004) (internal quotation marks omitted).  To state a claim under Section 1983, a plaintiff must allege that "(1) the challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States." *Snider v. Dylag*, 188 F.3d 51, 53 (2d Cir. 1999).

## DISCUSSION

### I.    Malicious Prosecution


Plaintiff asserts a claim for malicious prosecution against all defendants.  To state a section 1983 claim for malicious prosecution, plaintiff must allege an unreasonable seizure or other violation of his Fourth Amendment rights, as well as the four elements of a malicious prosecution claim under New York law: (1) the initiation or continuation of a criminal proceeding against the plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for the defendant's action.  *Manganiello v. City of New York*, 612 F.3d 149, 160-61 (2d Cir. 2010); *Jocks v. Tavernier*, 316 F.3d 128, 136 (2d Cir. 2003); *see also Boyd v. City of New York*, 336 F.3d 72, 76 (2d Cir. 2003) ("To succeed on a claim for malicious prosecution, the plaintiff must show that a prosecution was initiated against him, that it was brought with malice but without probable cause to believe that it could succeed and that the prosecution terminated in favor of the accused plaintiff." (citations omitted)).  As plaintiff has failed to show a genuine issue of material fact regarding whether there was a lack of probable cause for commencing the proceeding, and any of the other elements of malicious prosecution, the defendants are

granted summary judgment on his malicious prosecution claim for
the reasons detailed below.


   1. **Probable Cause**


     Plaintiff has failed to offer sufficient evidence to defeat
the presumption of probable cause that was established by
plaintiff's grand jury indictment for burglary in the third
degree, criminal possession of stolen property in the fifth
degree, criminal mischief in the fourth degree, and criminal
trespass in the third degree.[4]  "[T]he existence of probable cause
is a complete defense to a claim of malicious prosecution in New
York."  *Savino v. City of New York*, 331 F.3d 63, 72 (2d Cir. 2003)
(citing *Colon v. City of New York*, 455 N.E.2d 1248, 1250 (N.Y.
1983)).  Probable cause to prosecute exists where there are "such
facts and circumstances as would lead a reasonably prudent person
to believe the plaintiff guilty." *Boyd*, 336 F.3d at 76 (citing
*Colon*, 455 N.E.2d at 1250).  Further, "under New York law,
indictment by a grand jury creates a presumption of probable cause
that may only be rebutted by evidence that the indictment was

---

[4] The criminal trespass charge was dismissed "because the prosecution did not
call Ms. Chen to testify at trial," and thus did not establish ownership of
the building.  Def. Reply Memo at 5.

procured by 'fraud, perjury, the suppression of evidence or other police conduct undertaken in bad faith.'" *Savino*, 331 F.3d at 72 (quoting *Colon*, 455 N.E.2d at 1251) (emphasis in original).

As this court has previously noted[5], *Rothstein v. Carriere*, 373 F.3d 275, 284(2nd Cir. 2004) instructs that "[t]he grand jury's . . . indictment presumptively establishe[s] . . . probable cause. [Plaintiff] [is] required to rebut that presumption by proving fraud, perjury, suppression of evidence or other misconduct in the grand jury." As a result, "[t]he burden of rebutting the presumption of probable cause requires the plaintiff to establish what occurred in the grand jury, and to further establish that those circumstances warrant a finding of misconduct sufficient to erode the 'premise that the Grand Jury acts judicially.'" *Id.* (quoting *Colon*, 455 N.E.2d at 1250). "[T]o survive a motion for summary judgment . . . [the plaintiff] must have submitted evidence sufficient for a reasonable jury to find that his indictment was procured as a result of police conduct undertaken in bad faith." *Savino*, 331 F.3d at 73. "[M]ere 'conjecture' and 'surmise' that his indictment was procured as a result of conduct undertaken by the defendants in bad faith" will not suffice to meet the burden. *Id.* (quoting *Bryant v. Maffucci*, 923 F.2d 979, 982 (2d Cir. 1991)).

Here, plaintiff has failed to offer any evidence of misconduct, fraud, or bad faith in the grand jury. Nor did

---

[5] *See McClennon v. New York City*, No. 13-CV-128(KAM)(SMG), 2018 WL 2943565, at *14 (E.D.N.Y. June 11, 2018).

plaintiff offer any "exculpatory evidence that, if taken into account, would void probable cause," *Weiner v. McKeefery,* 90 F. Supp. 3d 17, 34-35 (E.D.N.Y. 2015) (internal citations omitted), much less any evidence rebutting the presumption raised by the grand jury indictment.  Instead, plaintiff makes a conclusory claim that "[n]othing was presented to link [p]laintiff's May 27, 2008 arrest to the burglary, damage to the warehouse, or the whereabouts of the remaining missing property." (Pl. Mem. at 19.)  Plaintiff fails to offer any material evidence to address the grand jury testimony of the three witnesses—defendant Assencao, Ms. Hsia, and Mr. Stefas—whose testimony supported plaintiff's subsequent indictment for the crimes for which he was prosecuted.

Plaintiff offers only his own assertion to allege that defendant Assencao fabricated grand jury testimony when Assencao testified that: "(i) 'a complainant had indicated to him that plaintiff had tossed those boxes of women's shoes off the roof of the building', (ii) plaintiff was pushing a shopping cart at the time he was stopped, and (iii) he saw that one of the fences separating the rooves of 39-35 21st Street and 39-40 22nd Street was peeled back and open." Def. Memo at 11.  Plaintiff has no personal knowledge regarding (i) and (iii) and cannot demonstrate Assencao's testimony regarding what a witness told him and what he saw as fabricated by Assencao.  Assencao's

testimony to the grand jury was supported by witness Stefas as to the first two statements, and witness Hsia as to the third. No reasonable jury could find that plaintiff's contrary testimony alone, without other evidence, creates a genuine issue of material fact under these circumstances, particularly because plaintiff lacks personal knowledge of what the witnesses saw. Moreover, whether plaintiff was pushing a shopping cart at the time he was stopped by Assencao is immaterial.  Thus, plaintiff has not overcome the presumption of probable cause created by a grand jury indictment.[6]

Plaintiff's failure to present evidence to raise a material factual dispute regarding the probable cause element of his claim is fatal to the claim itself.[7]  As the plaintiff's claim

---

[6] While unimportant for the instant determination of summary judgment, the court notes that beyond the presumption of probable cause raised by the grand jury indictment, there is likely actual probable cause in this case, based on the witnesses' testimony.  Plaintiff has again also failed here to offer any actual evidence to rebut the witnesses' testimony beyond simply stating that the testimony was fabricated.

[7] It is appropriate that plaintiff's claims survived the motion to dismiss stage.  At the motion-to-dismiss stage, *Twombly* requires the court to accept the factual allegations in the pleading as true, regardless of their probable veracity, or the plaintiff's ability to prove the allegations.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)(a court must rule "on the assumption that all the allegations in the complaint are true (even if doubtful in fact)"); *id.*, at 556, 127 S.Ct. 1955 ("[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of the facts alleged is improbable"); *see also Neitzke v. Williams,* 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations"); *see also Scheuer v. Rhodes,* 416 U.S. 232, 236(1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely").  As a result, it was proper for specific well-pleaded claims of the complaint to survive. However, at the motion for summary judgment stage, plaintiff must present admissible evidence that gives rise to a genuine issue of material fact to be presented to a fact-finder. 536 F.3d at 130.

fails on this initial prong, the court is not required to reach the elements of initiation, malice, or favorable termination. The court notes, however, that plaintiff also fails to raise a genuine issue of material fact on the remaining elements of malicious prosecution for the following reasons.

First, plaintiff does not present evidence to establish a triable issue of material fact regarding whether the officers initiated the prosecution. The officers relied on eyewitness statements—not on their own impressions—that identified the plaintiff as the perpetrator. Defendant Hachadoorian relied on witness statements proffered to both himself and to defendant Assencao to issue the investigation card. As a result, neither officer could have "initiated" the prosecution by any type of fabrication forwarded to the prosecution. Even assuming, *arguendo*, that defendants had forwarded a false narrative to the prosecution initiating the claim, the prosecutor's independent judgment would still be an intervening element between the officers' initial reporting of eyewitness accounts to the district attorney and the grand jury indictment. For the reasons stated, defendants could not reasonably be proven to have initiated the prosecution here.

Plaintiff also fails on the element of favorable termination. The Appellate Division vacated plaintiff's convictions on burglary and criminal mischief for legal

insufficiency and found that plaintiff was entitled to a new trial for criminal possession of stolen property based on a denial of counsel.  A new trial was never granted, and the criminal possession charge dismissed, because plaintiff had already served the maximum sentence for that charge.  This dismissal was not a dismissal that "affirmatively indicated [plaintiff's] innocence."  *Lanning v. City of Glenn Falls*, 908 F.3d 19, 22 (2d Cir. 2018).  The dismissal of plaintiff's claim resulted from legal insufficiencies and does not constitute an affirmative indication of the plaintiff's innocence on the merits.  Consequently, plaintiff also fails to fulfill the element of favorable dismissal.

Finally, plaintiff's argument that the prosecution proceeded with malice relies on his contention that there was not probable cause for the prosecution.  As stated above, plaintiff's arrest was based on the statements of two eyewitnesses who hailed the police over and called 911.  As probable cause to prosecute has been established both from the grand jury indictment and *actual* probable cause given the testimony of the eyewitnesses, plaintiff will be unable to establish that the officers acted with malice.

For the foregoing reasons, defendants' motion for summary judgment on the claim of malicious prosecution is granted, and plaintiff's motion is denied.

## II.  Qualified Immunity

Qualified immunity protects officers "from liability for civil damages insofar as their conduct does not violate clearly established statutory or his constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 129 S. Ct. 808, 815 (2009) (citation omitted).  Defendants are entitled to qualified immunity if (a) their actions did not violate clearly established law, or (b) it was objectively reasonable for them to believe that their actions did not violate such law.  *See Anderson v. Recore*, 317 F.3d 194, 197 (2d Cir. 2003) (citation omitted).  The legal grounds upon which plaintiff's convictions for burglary and criminal mischief were vacated concerned the Appellate Division's analysis of what constituted "recent" possession.  "The crime of burglary may be established by way of the presumption of guilt that flows from recent, exclusive, and unexplained or falsely explained possession of the fruits of a crime." *People v. Serrano*, 55 A.D.3d 450, 451 (1st Dep't 2008).  The Appellate Division determined that "the People adduced no proof as to, *inter alia*, the time of the burglary that formed the basis of" plaintiff's conviction for burglary and criminal mischief. *People of New York v. Nathaniel Isaac,* 2014 N.Y. Slip Op 06844, ¶ 6 (October 8, 2014)(internal citations and quotation marks omitted).  And though "[t]he evidence showed that the defendant was found in

possession of some of the alleged proceeds of the burglary on the date of his apprehension," since "there was no other evidence connecting him to the burglary or the damage to the warehouse...his possession of the alleged burglary proceeds was not shown to be recent and exclusive." *Id.*

Here, the officers, prosecutor, grand jury, and Queens County Criminal Court Judge Knopf all determined that the evidence was sufficient to sustain a charge of burglary and criminal mischief. The officers were not expected to know that a four-day window was an insufficient period of time to establish recency. As officers are expected to enforce the clearly established law as it existed at the time of the arrest, the court finds that qualified immunity clearly applies here and further shields defendants from plaintiff's claim of malicious prosecution.

### III. Unreasonably Prolonged Detention

In connection with his claim for excessive detention, "plaintiff must demonstrate '(1) that he has a right to be free from continued detention stemming from law enforcement officials' mishandling or suppression of exculpatory evidence, (2) that the actions of the officers violated that right, and (3) that the officers' conduct shocks the conscience.'" *Nzegwu*

*v. Friedman*, 605 F.App'x 27, 32 (2d Cir. 2015) (quoting *Russo v. City of Bridgeport*, 479 F.3d 196, 205 (2d Cir. 2007)). In *Russo*, the Second Circuit reversed the lower court's grant of summary judgment in defendants' favor on the plaintiff's prolonged detention claim, citing evidence that officers suppressed available exculpatory evidence in the form of a video surveillance tape showing that the robber did not have any tattoos, whereas the plaintiff had prominent tattoos on his arms. *See* 479 F.3d at 206. After concluding that the plaintiff's arrest was supported by probable cause based on eyewitness identification, *id*. at 204, the Court of Appeals nevertheless held that the plaintiff's prolonged detention may have been caused by the officers' deliberate withholding of the video from the prosecutor and defense counsel, in violation of the plaintiff's constitutional rights. *See* 479 F.3d at 209.

Without citing to evidence, plaintiff states that had defendant Hachadoorian conducted a more extensive investigation, including an attempt to recover fingerprints, he would have discovered alternative perpetrators of the burglary.  Pl. Memo at 23.  Conclusory and speculative assertions that a more complete investigation would have yielded a different outcome do not raise a genuine issue of material fact.  *Nelson v. Hernandez*, 524 F. Supp. 2d 212, 222 (E.D.N.Y. 2007). Plaintiff's statements are conclusory and unsupported by

evidence.  As such unsubstantiated contentions fail to establish
the existence of any exculpatory evidence that defendant
Hachadoorian may have mishandled, plaintiff's claim for
unreasonably prolonged detention cannot, and does not, survive
summary judgment.  The court does not reach the remaining two
prongs of the analysis, as plaintiff must succeed on all three
and has failed on the first.


**IV.   Claims for Denial of Fair Trial and *Brady* Violations**


Defendants move for summary judgment on plaintiff's claims
alleging a denial of his right to a fair trial and *Brady*
violations. The court addresses these closely related claims
together, and draws all inferences in favor of the plaintiff,
who is the nonmoving party. *See* Def. Mem. at 18 n.8.

"A police officer denies a defendant a fair trial when she
creates 'false information likely to influence a jury's decision
and forwards that information to prosecutors.'" *Fappiano v.
City of New York*, 640 F.App'x 115, 118 (2d Cir. 2016) (quoting
*Ricciuti v. N.Y.C. Transit Auth.*, 124 F.3d 123, 130 (2d Cir.
1997)).  A fair trial violation may also be based on an
officer's intentional withholding of exculpatory evidence, which
is essentially a fair trial claim sounding in a *Brady* violation.
*See id.*; see also *Ying Li v. City of New York*, 15-CV-1599 (PKC),

246 F.Supp.3d 578, 626-28 (E.D.N.Y. 2017). In a criminal matter, the prosecution has the obligation to disclose exculpatory evidence to the defendant. *Brady v. Maryland*, 373 U.S. 83 (1967); *Giglio v. United States*, 405 U.S. 150, 154 (1972). A *Brady* violation consists of three factors: (1) "[t]he evidence at issue must be favorable to the accused, either because it is exculpatory or impeaching;"(2) "that evidence must have been suppressed by the State, either willfully or inadvertently;" and (3) "prejudice must have ensued." *Strickler v. Greene*, 527 U.S. 263, 281-82 (1999).

As with plaintiff's unreasonably prolonged detention claim, plaintiff's claims for denial of fair trial and *Brady* violations also fail to establish any specific exculpatory material that defendants withheld. Multiple eyewitness statements formed the basis of the criminal complaint. Plaintiff states that he was not pushing a shopping cart at the time he was stopped, and that he was never on the roof of the burgled building. Plaintiff's own statements regarding the shopping cart are not material or exculpatory, and his denial that he was on the roof did not create reasonable doubt as to his guilt, given that Judge Knopf appears to have credited the eyewitnesses in finding plaintiff guilty. None of plaintiff's statements establish that the

defendants withheld exculpatory evidence and thus fail to raise a genuine issue of material fact when evaluated in context.[8]

Plaintiff claims that the testimony of four witnesses and defendant Assencao was false, but offers no evidence in support, other than his own testimony. Nor does he offer evidence that defendants withheld exculpatory material. "Statements that are devoid of any specifics, but replete with conclusions, are insufficient to defeat a properly supported motion for summary judgment." *Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir. 1998). Here, plaintiff's reliance upon summary statements and paucity of evidence show that no reasonable jury could find in his favor on this claim. As a result, defendants' motion for summary judgment on plaintiff's denial of fair trial and *Brady* violation claimsis granted.

---

[8] Plaintiff's deposition testimony that he was not in possession of the boxes at the time of his arrest does not establish that defendants falsified evidence or withheld exculpatory evidence. Further, these are summary statements, unsupported by other evidence, that do not point to specific exculpatory material held by defendants. (*See, e.g.,* Deposition Tr. of Isaac at 40:7-8, 42:10-15 ("Plaintiff testified that he was coming from the opposite direction"); *see also* Lee Decl., Exhibit 4, ("Conversely, the SPRINT Printout states that the 911 caller reported that the person that was seen on the route ran toward 40th Avenue and made a right onto 40th Avenue toward 21st Street.")

## IV. Failure to Intervene


Defendants move for summary judgment on plaintiff's failure
to intervene claim against Lt. Kenny. "'It is widely recognized
that law enforcement officials have an affirmative duty to
intervene to protect the constitutional rights of citizens from
infringement by other law enforcement officers in their
presence.'" *Terebesi v. Torreso*, 764 F.3d 217, 243 (2d Cir.
2014) (quoting *Anderson v. Branen*, 17 F.3d 552, 557 (2d Cir.
1994)).  To support a claim for failure to intervene, and to
"overcome the hurdle of qualified immunity[,]" a plaintiff must
show that (1) the officer's failure "permitted fellow officers
to violate [plaintiff's] clearly established statutory or
constitutional rights," and (2) it was "objectively unreasonable
for him to believe that his fellow officers' conduct did not
violate those rights." *Ricciuti,* 124 F.3d at 129.  In addition,
a plaintiff must show that the officer had "'a realistic
opportunity to intervene to prevent the harm from occurring' but
failed to do so." *Ying Li,* 246 F.Supp.3d at 619 (quoting *Cerbelli
v. City of New York*, No. 99-CV-6846, 2008 WL 4449634, at *11
(E.D.N.Y. Oct. 1, 2008)).  "The essential inquiry is whether,
under the circumstances actually presented, an officer's failure
to intervene permits a reasonable conclusion that he became a

'tacit collaborator' in the unlawful conduct of another."
*Figueroa v. Mazza*, 825 F.3d 89, 107–08 (2d Cir. 2016).

Again, here, plaintiff has offered no evidence that would create a genuine dispute of material fact regarding plaintiff's failure to intervene claim – nor is there evidence from which a jury could find for plaintiff on this claim. Instead, plaintiff makes summary statements that a reasonable jury could find that Lt. Kenny should have known that "an adequate investigation was not conducted," that "there was fabricated information," and that based on a finding of Lieutenant Kenny's knowledge of an incomplete investigation, a reasonable jury could further find that "Kenny did not take steps to intervene" in plaintiff's arrest and prosecution. Pl. Memo at 21. None of these statements are supported by citations to plaintiff's statement pursuant to Local Rule 56.1, or to any admissible evidence. There cannot be a genuine dispute of material fact when no evidence is presented in support of plaintiff's argument. As summary judgement cannot be defended simply on conclusory statements, and as there is no genuine dispute of material fact, defendants are granted summary judgment on the failure to intervene claim against defendant Ryan.

## CONCLUSION

For the foregoing reasons, defendants' motion for summary judgment is granted in its entirety, and plaintiff's motion for summary judgment is denied.  The Clerk of Court is respectfully directed to enter judgment and close the case.

**SO ORDERED.**

DATED: Brooklyn, New York
       April 5, 2020

```
                              _____/s/_____
                              Kiyo A. Matsumoto
                              United States District Judge
```